UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMISELY MARIGEIDY PEREZ-REYES,

Petitioner,

v.

JULIO HERNANDEZ et al,

Respondents.

CASE NO. 2:26-cv-02932-JHC

ORDER

This matter comes before the Court sua sponte. Before the Court is Damisely Marigeidy Perez-Reyes's Writ of Habeas Corpus. *See* Dkt. # 1. The matter is fully briefed and ripe for consideration. *See* Dkt. # 1, 8, 12. But upon reviewing the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law, the Court requires supplemental briefing.

Petitioner, who is represented by counsel, brings several grounds for relief based on a hearing that occurred on April 16, 2026. *See* Dkt. # 1. At this hearing, an immigration judge (IJ) denied Petitioner bond based on lack of jurisdiction under both 8 U.S.C. § 1225(b) and the Laken Riley Act. Dkt. # 1-2. Petitioner argues that this determination was wrong, and that her continued detention without a constitutionally adequate bond hearing violates the INA and the Due Process Clause of the Fifth Amendment. *See* Dkt. # 1. The petition also states that upon

Petitioner receiving a new bond hearing, the IJ "must also consider ability to pay and alternatives to detention . . . A bond amount that results in detention solely because the person cannot pay is constitutionally defective." Dkt. # 1 at 15.

But as Respondents point out in their briefing, Petitioner does not acknowledge in her petition that she has already filed a prior habeas petition about the April 16 hearing, which the district court granted in part. *See Perez-Reyes v. Hernandez*, 2026 WL 1830932 (W.D. Wash. June 25, 2026), at *2. The district court found that Petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b) and required Respondents to provide her with another hearing. *Id.* Petitioner also does not acknowledge in her current petition that she received another hearing on July 27, 2026, in which the IJ denied Petitioner bond because it found that she had not met her burden to demonstrate she was not a flight risk.

Petitioner addresses the July 27 hearing in her traverse, arguing that even considering this hearing, her continued detention violates due process because it no longer bears a reasonable relation to its purpose. Dkt. # 12 at 5-6. Petitioner also argues that the July 27 hearing was constitutionally inadequate because the IJ did not properly consider Petitioner's ability to pay or any alternative conditions of release. Dkt. # 12 at 6-8.

The Court has jurisdiction to review bond determinations for constitutional claims and clear legal error. *See Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see also Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1078 (W.D. Wash. 2026). Because Petitioner's arguments as they relate to the July 27 hearing are raised for the first time in the traverse, Respondents have not had the opportunity to adequately respond to them.[1] The Court thus provides Respondents

---

[1] Respondents did not brief in response to Petitioner's substantive arguments as they relate to the July 27 bond hearing. *See generally* Dkt. # 8. But they did argue that "Petitioner should be required to

leave to submit a supplemental response specifically considering the legal challenges Petitioner raises as to her July 27 bond hearing. *See* Dkt. # 12. The Court also provides Petitioner leave to file an optional reply. *See e.g.*, *Ortega v. Scott*, 2026 WL 1649012, at *1 (W.D. Wash. June 8, 2026) (directing the Government to file a supplemental brief addressing an issue raised for the first time in habeas petitioner's traverse and granting petitioner leave to reply).

For these reasons, Respondents may file their supplemental brief on the arguments in Petitioner's traverse no later than September 21, 2026. Petitioner may file her optional supplemental brief in reply no later than September 28, 2026. The Court DIRECTS the Clerk to re-note the petition for September 28, 2026.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 11th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge

---

exhaust her administrative remedies by waiting for the BIA's determination before being allowed to raise a habeas claim concerning the July 27th bond redetermination hearing." Dkt. # 8 at 7-9. Respondents may re-brief the question of exhaustion or rely on their previous briefing.