UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMISELY MARIGEIDY PEREZ-REYES,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-02932-JHC

ORDER

## I
## INTRODUCTION

This matter comes before the Court on Damisely Marigeidy Perez-Reyes's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition.

## II
## BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States as a teenager in 2014. Dkt. # 3 at 2.

On November 17, 2025, Petitioner was arrested in Florida for fraud to obtain property worth $50,000 or more and third degree grand theft. Dkt. # 10-3 at 7. On November 22, 2025, days after her arrest, ICE took Petitioner into custody. Dkt. # 3 at 2. Petitioner is currently detained at the Northwest ICE Processing Center (NWICP). Dkt. # 3 at 2. Before her detainment, Perez-Reyes lived in Florida with her husband and two children, all three of whom are United States citizens. Dkt. # 3 at 2. Petitioner was the primary caretaker for her children, and her younger child has speech and developmental delays. Dkt. # 3 at 3.

On April 16, 2026, Petitioner had a bond hearing in front of immigration judge (IJ) Theresa Scala. Dkt. # 1-2 at 8. IJ Scala denied Petitioner bond based on lack of jurisdiction, determining that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b) and the Laken Riley Act amendments to 8 U.S.C. § 1226(c). Dkt. # 1-2 at 8. IJ Scala further concluded that if she had jurisdiction, she would find that Petitioner was a flight risk but would grant bond in the amount of $7,500. Dkt. # 1-2 at 8-9.

After Petitioner's first bond hearing, a different IJ denied her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Dkt. # 10-3 at 16. The IJ ordered Petitioner's removal to Guatemala. Dkt. # 10-3 at 18.

Petitioner then filed a habeas petition, which was granted in part on June 25, 2026. *Perez-Reyes v. Hernandez*, 2026 WL 1830932, at *2 (W.D. Wash. June 25, 2026). The district court determined that Petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b) and ordered that she was entitled to a hearing to challenge her detention classification. *Id.*

On July 27, 2026, Petitioner had a custody redetermination hearing before IJ Scala. For this hearing, Petitioner was represented by counsel and submitted evidence to the immigration

court. *See* Dkt. ## 10-1, 10-5. Petitioner argued that she was not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) of the Laken Riley Act and was entitled to a custody redetermination under 8 U.S.C. § 1226(a). Dkt. # 10-4 at 3-4. Petitioner asked IJ Scala to order her release or set a bond for her release. Dkt. # 10-4 at 5.

IJ Scala determined that Petitioner was not subject to mandatory detention but denied Petitioner release on bond, finding that she presented a flight risk. Dkt. # 10-6. In her written findings, IJ Scala stated that Petitioner was not a danger to the community because, though she was arrested for grand theft, no charges were ever filed, and she had no violent criminal history. Dkt. # 10-7 at 4. But IJ Scala found that Petitioner failed to meet her burden to demonstrate that she did not pose a flight risk. Dkt. # 10-7 at 4. In her written findings, IJ Scala stated,

> In making this determination, the court considered all of the evidence of record including but not limited to: (1) the [Petitioner's] length of residence in the United States; (2) the [Petitioner's] family and community ties in the United States; (3) the [Petitioner's] potential available relief from removal; (4) the [Petitioner's] employment history; (5) the [Petitioner's] criminal history and (5) the [Petitioner's] immigration history. The court recognizes that the [Petitioner] entered the United States at 18 years old and has significant family ties in the United States. She has two United States Citizen children, and she is married to a United States citizen. She also has significant family ties in her home country of Guatemala including her parents and four siblings. [Petitioner] does not own any property in the United States, nor did she supply evidence of a stable work history in the United States or her ability to pay a monetary bond.
>
> Significantly, the [Petitioner] evaded detection upon arrival in the United States rather than present herself to immigration officers and request assistance and she used a smuggler. [Petitioner's] deliberate evasion of detection by immigration officers and use of a smuggler demonstrates she will go to great lengths to avoid discovery. Using smugglers promotes human trafficking and creates a dangerous condition for law enforcement and people living in the communities along the border. . . . Moreover, since the [Petitioner's] last bond hearing, an Immigration Judge denied her applications for asylum, withholding of removal and protection under the Convention Against Torture and ordered the [Petitioner] removed to Guatemala. [Petitioner] did not request voluntary departure in the alternative. Even if CIS approves the I-130 visa petition [Petitioner] cannot adjust her status before the Immigration Court in the United States. [Petitioner's] window of opportunity to remain in the United States is shrinking. Individuals that have a greater

> likelihood of being granted relief have a greater motivation to appear for a hearing rather than an individual who has less potential of being granted relief. . . . Based on the totality of the evidentiary record, the court has little confidence that [Petitioner] will appear for a future immigration proceeding or if called for removal. Weighing all the factors, no bond is appropriate to secure her future appearance.

Dkt. # 10-7 at 4.

Petitioner appealed IJ Scala's bond decision to the Board of Immigration Appeals (BIA) on July 28, 2026. Dkt. # 12-1 at 125.

## III

## DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### A. Prudential Exhaustion

Respondents argue the Court should deny the Petition because Petitioner's appeal of the July 27 bond hearing remains pending before the BIA and thus she has not exhausted her administrative remedies. Dkt. # 8 at 7; Dkt. # 14 at 2.

In habeas petitions, the exhaustion requirement is "prudential, rather than jurisdictional," and a court may waive the requirement if "'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court concludes that Petitioner has met her burden of demonstrating irreparable injury under *Laing*. Petitioner has been detained by ICE since November 22, 2025. Dkt. # 3 at 2. And the pending appeal for her bond hearing, filed on July 28, 2026, will likely not be resolved for many more months.[1] Dkt. # 12-1 at 125. "Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'" *Scott v. Wamsley*, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)); *see also Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026).[2] And contrary to Respondents' argument, *see* Dkt. # 8 at 9; Dkt. # 14 at 2, Petitioner has presented evidence of individualized harm to her mental and physical wellbeing as a result of her ongoing detention. *See* Dkt. # 3 at 3-4. Petitioner has also included evidence that she is the primary caregiver for her children, one of whom is developmentally delayed, and that her continued detention would prevent her from providing necessary care for them. Dkt. # 3 at 3; *see Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (considering the fact that petitioner was the primary caretaker for her 9-year-old child as a reason why delay would cause irreparable harm and exhaustion should be waived). Courts in this District have found that requiring individuals like Petitioner to wait for BIA review "inflict[s] the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful

[1] *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025), *aff'd sub nom. Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (noting that ("[i]n 2024, [Executive Office of Immigration Review] data showed an average processing time of 204 days for bond appeals."); *Nguyen v. Scott*, 2026 WL 194232, at *4 (W.D. Wash. Jan. 26, 2026) (acknowledging that BIA appeals can pend for over six months).

[2] Respondents cite several cases in which courts did not waive administrative exhaustion because the petitioner relied solely on the potential time necessary to resolve a bond appeal to demonstrate irreparable harm. Dkt. # 9 at 10. Without ruling on the persuasive weight of these cases, the Court concludes that they do not apply here, where Petitioner has shown individualized harm from prolonged custody.

process"—and that such harm satisfies "irreparable injury" under *Laing*. *Miranda v. Hernandez*, 2026 WL 1328227, at *3 (W.D. Wash. May 13, 2026). While Petitioner's claimed harms are likely shared by other detainees at the NWIPC, that does negate her showing that she will suffer irreparable, individualized injuries if her detention continues.

The Court thus concludes that this case warrants waiver of the prudential exhaustion requirement, and so it proceeds to the merits of Petitioner's due process argument.

B. Bond Hearing

A habeas court has jurisdiction to review an IJ's bond determination for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784-85 (9th Cir. 2024). "Under an abuse of discretion standard, [a federal court] cannot reweigh evidence . . . but can only determine whether the [immigration court] applied the correct legal standard." *Id.* (cleaned up and citation omitted). And while the administrative scheme clearly "contemplates discretionary bond determinations by IJs—not federal district courts"—it is also true that "[b]ond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case." *Calderon v. Mullin*, 2026 WL 1487774, at *2 (W.D. Wash. May 28, 2026); *Soto Gimenez v. Hernandez*, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026).

An IJ's flight risk determination is also reviewed under an abuse of discretion standard. *See Soriano*, 830 F. Supp. 3d at 1080. In determining whether a petitioner presents a flight risk, IJs may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the

> alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* at 1079-80 (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)).

Petitioner argues that her continued detention violates due process because it no longer bears a reasonable relation to its purpose. Dkt. # 12 at 5-6. Specifically, Petitioner challenges IJ Scala's finding that Petitioner posed a flight risk and denial of bond at the July 27 bond hearing. Dkt. # 12 at 5-7.

First, Petitioner notes that at the earlier April 16 hearing, IJ Scala found that Petitioner's flight risk would be mitigated by imposition of a $7,500 bond. *See* Dkt. # 1-2 at 8-9. But at the July 27 hearing, IJ Scala denied Petitioner bond. Dkt. # 10-6; Dkt. # 10-7 at 4. Petitioner contends that the only changed circumstance between the April 16 and July 27 hearings was denial of Petitioner's asylum and withholding of removal applications and argues that this is not a legally sufficient reason to find that Petitioner is a flight risk and deny bond. Dkt. # 12 at 5; Dkt. # 15 at 5-7.

Courts in this District have found that an IJ abuses their discretion by relying on the weakness of petitioner's claims for relief from removal to find a flight risk without explaining how the weakness of those claims outweighs the specific circumstances of the petitioner. *De La Torre Ferretiz v. Hernandez*, 2026 WL 2123037, at *5 (W.D. Wash. July 23, 2026) ("a petitioner's supposedly weak claims for relief from removal cannot by itself justify a finding of flight risk without explaining how this conclusion outweighs the other circumstances of their case"); *see also Soriano*, 830 F. Supp. 3d at 1081; *Tavurov v. Noem*, 2026 WL 1283513, at *7

(W.D. Wash. May 11, 2026); *Nazari v. Mullin*, 2026 WL 2879665, at *8-9 (W.D. Wash. Sept. 18, 2026).

Here, when finding that Petitioner posed a flight risk such that bond was not appropriate, IJ Scala relied on the fact that another IJ had denied Petitioner's asylum and withholding of removal applications and had ordered Petitioner removed. Dkt. # 10-7 at 4. IJ Scala stated that Petitioner's "window of opportunity to remain in the United States is shrinking," and "[i]ndividuals that have a greater likelihood of being granted relief have a greater motivation to appear for a hearing rather than an individual who has less potential of being granted relief." Dkt. # 10-7 at 4. IJ Scala did not explain how Petitioner's supposedly limited options for relief outweighed her significant connections in the United States: Petitioner has lived in the United States for more than 10 years, has a husband and two children, all of whom are United States citizens, and is responsible for the care of these children, one of whom is developmentally delayed. *See* Dkt. # 3.

Petitioner also challenges IJ Scala's reliance on the circumstances of Petitioner's initial entry into the United States, which was the only other stated reason for finding that Petitioner posed a flight risk and denying bond. Dkt. # 12 at 5; *see* Dkt. # 10-7 at 4. However, IJ Scala did not explain how Petitioner's conduct when entering the country as a teenager more than a decade ago indicates that she would attempt to flee now under vastly different circumstances. *See Soriano*, 830 F. Supp. 3d at 1080 ("[c]oncluding that an unlawful entry from 25 years ago, without any criminal history or any history of failing to appear, automatically weighs in favor of finding flight risk lacks any objective rationale."); *see also Miranda*, 2026 WL 1328227, at *4; *Zavala Sandoval v. Hernandez*, 2026 WL 1661379, at *4 (W.D. Wash. June 9, 2026).

Respondents argue that IJ Scala's written findings and the recording of the bond hearing demonstrate that IJ Scala properly considered all the evidence about Petitioner's circumstances. Dkt. # 14 at 3-5. But as described above, IJ Scala's stated reasons for finding Petitioner a flight risk and denying bond are not rationally related to Petitioner's likelihood of fleeing, and IJ Scala failed to explain how those reasons outweigh the evidence in Petitioner's favor. *See Miranda*, 2026 WL 1328227, at *4 ("[s]imply acknowledging contrary evidence is not enough; the IJ must meaningfully engage with it."). Accordingly, because IJ Scala failed to properly apply the flight risk standard, she abused her discretion and habeas relief must be granted.

C. Remedy

Petitioner requests immediate release or a bond hearing. Dkt. # 12 at 9. Respondents are silent on the appropriate remedy. *See* Dkt. ## 8, 14. Federal courts have "a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Under similar facts, this jurisdiction has found no basis for similarly situated petitioners to continue to be detained. *See Soriano*, 2026 WL 969764, at *6 (ordering immediate release); *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. Apr. 2026) (same); *W.T.M.*, 2026 WL 262583, at *5 (same); *see also Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding immigration judge abused discretion in denying petitioner's request for bond at the bond determination hearing). The Court finds the same here, and thus the appropriate remedy is for Petitioner to be immediately released with reasonable conditions of supervision.

## IV

## CONCLUSION

For these reasons, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS as follows:

(1) Respondents shall release Petitioner from detention within 24 hours of this order. Upon release, Petitioner shall be subject to reasonable conditions of supervision.

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until she is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 30th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge